IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

Liberty Cablevision of Puerto Rico LLC

Petition for Arbitration pursuant to            CIVIL 13-1536CCC
Section 47 U.S.C. § 252(b) of the Federal
Communication Act and Section 5(b),
Chapter III of the Puerto Rico
Telecommunications Act, regarding
interconnection rates, terms and conditions
with

Puerto Rico Telephone Company, Inc.

**REMAND ORDER**

Puerto Rico Telephone Company, Inc. ("PRTC") filed a Writ of Judicial Review dated
June 10, 2013 (docket entry 26-1)[1] before the Court of Appeals of the Commonwealth of
Puerto Rico seeking that it revise and vacate a March 27, 2013 Order (docket entry 10)
issued by the Telecommunications Regulatory Board of Puerto Rico ("the Board").  Said
judicial review petition was removed by Liberty Cablevision of Puerto Rico, LLC ("Liberty")
to this Court.  Pending disposition is PRTC's Motion to Remand filed on August 7, 2013
(**docket entry 22**) and the opposition (docket entry 25).  Before discussing, for purposes of
remand, the reasons advanced by PRTC in its Writ of Judicial Review, it is important to
outline the procedural history of the relevant administrative matters acted upon by the Board
before the issuance of its March 27, 2013 Order.

At the outset it must be noted that there were two Board dockets concurrently but
separately filed:  (1) Docket No. JRT-2012-AR-**0001** which commenced with a Petition for
Arbitration filed by Liberty Cable Vision of Puerto Rico, LLC (**Liberty I**) to resolve
outstanding issues related to a 2012 interconnection agreement which **Liberty I** sought

---

[1]English translation of the original Writ of Judicial Review filed in Spanish before the
P.R. Ct. of Appeals.

CIVIL 13-1536CCC                              2

with PRTC, and (2) Docket No. JRT-2012-CCG-**0002** involving merger issues related to the **Liberty I/OneLink** merger and the resulting "**Liberty Merger Order**."  For purposes of clarity we refer to the first Board Docket as number **0001** on the arbitration issues between **Liberty I** and PRTC, and to the other Board proceeding as No. **0002** in which the Board approved the corporate merger between **Liberty I** and OneLink.   Regarding Docket No. **0001**, early on PRTC had requested dismissal of the **Liberty I** arbitration petition in Board Docket No. **0001** based precisely on a forthcoming corporate transaction or merger between **Liberty I**, the party which requested the arbitration, and OneLink.  PRTC urged that such imminent transaction raised uncertainty on whether **Liberty I** would cease to exist and whether the surviving entity would be entitled to interconnection rights.  The Board denied PRTC's Motion to Dismiss on the basis that (1) its statutory duty under 47 U.S.C. § 252(b) required it to resolve the issues presented in the Petition for Arbitration and (2) that it had provided a separate docket for resolution of issues related to the merger and acquisition of Liberty and OneLink, referring to separate Board Docket No. **0002** which is precisely the focus of the procedural due process violation claimed by PRTC in its review petition.  On October 25, 2012, in compliance with a Board ruling in **0001**, PRTC and **Liberty I** executed an interconnection agreement.

        Meanwhile, the Board in Docket No. **0002** resolved all issues related to the **Liberty I/OneLink merger** giving approval and clearance to such merger.  However, PRTC was not allowed to participate at all in this **0002** merger proceeding.  On November 1, 2012 the Board notified the "**Liberty Merger Order**" in Docket No. **0002**. Subsequently, upon receiving on November 16, 2012 documentation that it had previously required in its "**Liberty Merger Order**", the Board issued in **0002** an Order on December 20, 2012 acknowledging that **Liberty II** had fulfilled all requirements imposed upon it as a condition for final Board approval of the **Liberty I/OneLink merger**.

CIVIL 13-1536CCC                                    3

It is at this juncture that **Liberty II** and PRTC confront each other head on.  On February 13, 2013, **Liberty II** filed a Motion to Enforce in Board Docket No. **0001**, the mandatory arbitration proceeding commenced by **Liberty I**.  **Liberty II** requested in that motion that the Board rule that it was a party, as legal successor, to the interconnection agreement between **Liberty I** and PRTC which had already been filed since October 25, 2012 in Board No. **0001**.  PRTC responded on February 19, 2013 to **Liberty II**'s Motion to Enforce with a Motion to Dismiss filed in Board Docket No. **0001**.  As a basis for dismissal it argued that: (1) Liberty's status should properly be decided in Board Docket No. **0002** and that **Liberty II** should support PRTC's Motion to Intervene in Docket No. **0002**; (2) it would violate Puerto Rico law and PRTC's due process rights for the Board to recognize **Liberty II** as legal successor of **Liberty I** for such a determination required findings of fact and conclusions of law that had not been made by any trier of fact in any adjudicatory proceeding; and (3) that the Board would act *ultra vires* by making a determination in the factual vacuum in which the Motion to Enforce had been presented.  On March 4, 2013 **Liberty II** opposed PRTC's dismissal request to which PRTC replied. The Board reaffirmed its prior determination in the **0002 merger proceeding** that **Liberty II** was the legal successor to **Liberty I**. This determination which had its genesis in the **0002 merger** proceeding resulted in the Board ordering PRTC to recognize **Liberty II** as a party to the interconnection agreement with **Liberty I**.

The Board rejected in its analysis all arguments raised by PRTC based on a violation of its due process rights.  Specifically, the Board determined that it could resolve **Liberty II**'s Motion to Enforce without a hearing since it found there were no essential facts in dispute and that it could be adjudicated summarily.  Notwithstanding PRTC's non-participation in the **0002** proceeding in which the **Liberty I/OneLink merger** was approved and **Liberty II** arose, the Board found that a sufficient record existed on the status of **Liberty II** as legal successor to **Liberty I** given its issuance of the "**Liberty Merger Order**" in **0002** and that it had already

CIVIL 13-1536CCC                                4

approved the submission of documents by **Liberty II** to obtain Board merger clearance. PRTC's contention that findings of fact were required in order to grant **Liberty II** such status was flatly rejected by the Board charging that PRTC was attempting to invent factual issues that had no bearing on whether **Liberty II** was a successor to **Liberty I**.  The Board concluded that a hearing would only serve to "rehash" its previous determination in Docket **0002**, that the Liberty Merger was a *fait accompli* and, therefore, all parties had to proceed in light of this, notwithstanding PRTC's disagreement with the manner in which it approved such merger. It ordered PRTC to stop "manufacturing" issues of fact.

Against this backdrop of Board administrative decisions, we reach the Writ of Judicial Review originally filed by PRTC before the Court of Appeals of the Commonwealth of Puerto Rico.  The Notice of Removal contains the following statement:

> Clearly, PRTC is directly invoking a federal cause of action under Section 251; the question of who is or can be a party to a federally-mandated interconnection agreement, is undoubtedly a federal question.  Nevertheless, PRTC goes into great length to hide from view its real contention and to construct the issue as a state-law cause of action.  Even so, PRTC's claims cannot be resolved without addressing the embedded federal question.

A review of the Writ lead us to conclude that "who is or can be a party to the interconnection agreement" is not an issue in the revision requested of the Court of Appeals of Puerto Rico.[2]  PRTC's Petition for Judicial Review is strictly based on allegations of procedural due process violations by a local administrative agency, the Puerto Rico Telecommunications Regulatory Board ("the Board"), specifically arising from its March 27, 2013 Order (docket entry 22-1).  After outlining the procedural background corresponding to events before the Board which led to its March 27, 2013 Order, PRTC argues, at page 5 of the petition, that "the Board issued its March 27, 2013 Order without granting PRTC the

---

[2]It must also be clarified that the reference at page 3 of the Notice of Removal to an alleged admission by PRTC that the matters addressed in the Board's Order constitute a "matter and argument of pure federal law" is a statement made out of context.  The quoted excerpt is part of a reservation of federal rights, under England (England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411, 420-422 (1964)) made by PRTC.

CIVIL 13-1536CCC                             5

guarantees of due process, specifically, the right to present evidence; to an impartial adjudication; and to a decision based on case briefs which were preceded by the corresponding discovery." (docket entry 26-1, page 5). It seeks that the Court of Appeals of Puerto Rico "reverse the Order of March 27, 2013, and that it order the Board to carry out a formal adjudicative procedure that will allow PRTC the opportunity to conduct sufficient evidential discovery, present evidence and examine the documents and testimonies that led the Board to issue such Order." (pages 5-6 of the Petition) The following excerpts of the petition define the scope of relief sought, pursuant to the Uniform Administrative Procedure Act of Puerto Rico, as amended, 3 L.P.R.A. § 2172, which lies strictly within the parameters of a procedural due process claim consisting of an alleged deprivation of the right to fully participate in Board proceedings before the challenged Order was issued.

The second error raised in the review petition is based on § 2151 of the Uniform Administrative Procedure Act of Puerto Rico which PRTC represents "incorporates the minimum guarantees of due process of law into administrative proceedings" and ensures that when "the rights of parties are formally adjudicated, the right to be heard and to examine the evidence against one must be granted." (page 9 of the Petition). It also invoked Rule 23 of the Board's regulations which establishes that procedural guarantees must be observed since an administrative hearing has all the characteristics of a trial. PRTC contends throughout its Judicial Review Petition to the appellate court that the Board, before granting **Liberty II** status of legal successor to **Liberty I** did not allow it to cross examine witnesses, to present its own witnesses or to submit documents, that Liberty refused its request for production of documents and that the basic tenets underlying due process rights, notification and an opportunity to be heard, were denied in what it portrays as essentially an ex-parte proceeding in which Board decisions were made in violation of procedural guarantees provided by Puerto Rico law. The case law and Board regulations cited are invoked only in support of the claim that PRTC was denied the right to participate in the

CIVIL 13-1536CCC                                    6

Board proceeding in **0002** which ultimately led to the March 27, 2013 Board ruling declaring **Liberty II** legal successor of **Liberty I**.

The procedural due process claims is the only foundation underlying all errors raised by PRTC before the Puerto Rico Court of Appeals in its Writ for Judicial Review regarding the March 27, 2013 Board Order.  The First Circuit has held that a telecommunications service provider, such as PRTC, which raises a procedural due process claim for failure of the Telecommunications Regulatory Board of P.R. (the Board) to give it notice and an opportunity to be heard, can seek remedy to such due process violation in the Puerto Rico courts.  Puerto Rico Telephone Co. v. Telecommunications Regulatory Bd. of P.R., 189 F.3d 1, 18-19 (1999).  That is precisely what PRTC did this time around.  It filed the Writ of Judicial Review before the Court of Appeals of P.R., the forum with authority to review Board actions for compliance with Puerto Rico law.

For the reasons stated above, the Motion to Remand (**docket entry 22**) is GRANTED. Accordingly, the Clerk of this Court shall mail a certified copy of this Order of Remand to the Puerto Rico Court of Appeals as provided in 28 U.S.C. § 1447(c) and shall close this case for administrative purposes.

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2014.


S/CARMEN CONSUELO CEREZO
United States District Judge